UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN ANNETE GOLD,<br><br>    Plaintiff,<br><br>  v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-02019-WHO   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 38 |

## INTRODUCTION

This is a class action brought by an individual consumer, Plaintiff Ellen Annete Gold ("Plaintiff"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 by Midland Credit Management, Inc. and Midland Funding LLC ("Defendants"). Jt. Ltr. at 1, Dkt. No. 38. The Complaint arises out of Defendants' mailing of a collection letter and "educational brochure" to Plaintiff and other California consumers in an attempt to collect a debt previously owed to HSBC Bank. *Id.*

## BACKGROUND

Plaintiff seeks amended responses to Interrogatories and Requests for Production ("RFPs") which were originally served on August 6, 2013. *Id*. Defendants responded on September 23, 2013. *Id*. For the past six months, Defendants have continued to promise to supplement their responses and produce documents in the future, but have yet to do so. *Id*. The discovery cut-off date is April 30, 2014. *Id*.

Plaintiff seeks an order compelling production of further responses to 1) interrogatories regarding the number of letters in the form of Exhibit "1" to the Complaint sent by Defendants to California consumers in the one year prior to the filing of this action; 2) RFPs seeking the agreement through which Midland Funding obtained Plaintiff's HSBC account, including any exhibits, appendices, or attachments referenced therein; 3) interrogatories regarding Defendants'

net worth and the calculation thereof, and 4) RFPs seeking the production of all documents which substantiate Defendants' net worth calculations. *Id*. at 3.

Plaintiffs wrote to Defendants on October 1, 2013, and requested they produce the documents they had promised to produce in their responses to Plaintiff's RFP. *Id.* at 2. Plaintiffs additionally proposed that the parties enter into a stipulation regarding Defendants' net worth. *Id.* Defendants promised on October 15 and 23, 2013 to produce the documents and stipulation. *Id.* On October 28, 2013, Defendants provided a stipulation that Plaintiff believed was deficient. *Id.* Plaintiff revised the stipulation and sent it to Defendants on November 23, 2013. *Id.* Although Defendants promised to produce their responses, they did not do so. *Id.* Plaintiff contacted Defendants again on December 17, 2013 and on January 6, 2014, but Defendants have yet to provide further responses or the stipulation. *Id.*

Defendants concede that they have delayed in getting amended discovery responses to Plaintiff. *Id.* Defendants state that there is no further dispute regarding the exact number of letters they sent to California consumers because they have provided Plaintiff with an estimate, and promise to provide the exact number of letters "shortly." *Id.* at 4. Defendants also assert that there is no current dispute over the stipulation because they have presented a revised proposed net worth stipulation to Plaintiff for review. *Id.* Defendants do not address whether they intend to produce any documents regarding their net worth calculations.

Defendants contend that the only remaining dispute is whether the Purchase and Sale Agreement with HSBC relating to Plaintiff's account ("Agreement") is discoverable. *Id.* Defendants argue that the Agreement is not relevant to Plaintiff's claims, and state they are concerned that release of this document to Plaintiff's counsel will provide a litigation advantage in subsequent cases. Id. Defendant also voices concern that counsel will disclose the Agreement in violation of the protective order. *Id.*

**DISCUSSION**

**Interrogatory Responses**

Plaintiff requested that Defendants provide the exact number of letters it sent to consumers on August 6, 2013. Upon receipt of Plaintiff's interrogatories, Defendants were presumably on

2

1  notice that they were required to provide a response regarding the number of letters it sent to
2  consumers in the proposed class in September of 2013.  Defendants argue that they could not have
3  responded earlier due to the need to craft a "fairly sophisticated computer query" to obtain the
4  information.  *Id.* at 4.  As Defendants state that the query has been developed, there should be no
5  further delay in providing this information to Plaintiff.  Accordingly, Defendants are ORDERED
6  to provide the exact number of letters by February 26, 2014.

**Purchase and Sale Agreement**

Defendants cannot credibly withhold the Agreement on the basis of relevance.  The basis of Plaintiff's complaint is that Defendants falsely represented that they were authorized by the original creditor, HSBC, to alter the manner in which HSBC reported Plaintiff's account to consumer reporting agencies.  The Agreement would establish whether Defendants were authorized to use HSBC's name or make other representations about HSBC, and is thus relevant to whether Defendants' conduct violated the FDCPA.  *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 615-16 (N.D. Cal. 2006) (ordering production of unredacted recovery agreement between creditor and debt buyer as directly relevant to FDCPA and related claims).   Further, the Stipulated Protective Order (Dkt. No. 27) adequately protects any sensitive information regarding Defendants' debt buying business.  *Id.*  Accordingly, Defendants are ORDERED to provide the Agreement by February 26, 2014.

**Stipulation and Net Worth Documents**

Defendants state that the stipulation has been revised and returned to Plaintiff for review.  However, Defendants have not produced any documents responsive to Plaintiff's request to support their net worth calculations.  As the documents Defendants will rely upon to calculate their net worth will not be affected by changes to the form of the stipulation, the Court ORDERS Defendants to produce these documents by February 26, 2014.

**IT IS SO ORDERED.**

Dated: February 20, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge