TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendants
Midland Credit Management, Inc.
and Midland Funding, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELLEN ANNETE GOLD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 5:13-cv-02019-WHO-MEJ<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION RE DISCOVERY ORDER (DOC. NO. 41)** |

Pursuant to Local Rule 7-9(a), defendants Midland Credit Management, Inc. and Midland Funding, LLC ("Defendants") hereby move this Court for an Order permitting them to file a Motion for Reconsideration of the Court's Discovery Order dated February 20, 2014 (Doc. No. 41). Based on the following, Defendants respectfully submit that there was a manifest failure to consider material facts when the Discovery Order was issued. *See* N.D. Cal. L.R. 7-9(b)(3).[1]

On February 13, 2014, following the parties' efforts to meet and confer by telephone and electronic mail – but not in person – the parties submitted a Joint Letter to the Honorable William H. Orrick regarding Defendants' responses to Plaintiff Ellen Gold's ("Plaintiff") written discovery requests. *See* Doc. No. 38. The next day, Judge Orrick referred the case to this Court for "all discovery purposes," noting that any motions would be heard at this Court's convenience. *See* Doc. No. 39 (quoted language capitalized in original).

On February 18, 2014 this Court issued its Notice of Referral for Discovery, acknowledging that the case had been referred to it "for discovery." *See* Doc. No. 40. The Court advised the parties "that they must meet and confer <u>in person</u> before any dispute" regarding discovery would be considered. *Id.*; *see also* Discovery Standing Order For Magistrate Judge Maria-Elena James (Rev. Feb. 19, 2014) (requiring parties to meet and confer in person regarding discovery disputes before seeking court's assistance, and stating that a party will not be excused from this requirement absent a showing of good cause).[2]

In addition, the Court stated that "any pending discovery motions are hereby DENIED WITHOUT PREJUDICE to the filing of a joint letter," and expressly stated

---

[1] Defendants have exercised reasonable diligence in bringing this motion, as it is being brought with one day of the Court's issuance of its Discovery Order.

[2] Earlier versions of this Court's Discovery Standing Order are not available on the website of the Northern District.

that "[i]f the parties submitted a letter to the presiding judge instead of a motion, the letter shall not be considered unless the parties attest that they met and conferred <u>in person</u> prior to filing the letter." *Id.* The Court ordered the parties to "file a joint statement verifying that they met in person prior to filing the letter." *Id.*

Pursuant to the Court's directions, on February 18, 2014, counsel for Plaintiff contacted Defendants' counsel regarding his availability to meet and confer in person. The next morning, counsel agreed to meet on Friday, February 21, 2014, at the office of Defendants' counsel.

On February 20, 2014, however, before the parties were able to conduct the court-ordered in-person conference, the Court issued its Discovery Order, ordering Defendants to supplement their prior responses to one of Plaintiff's interrogatories and to produce various documents. *See* Doc. 41. Specifically, Defendants were ordered to identify the number of letters they sent to consumers; produce a certain Purchase and Sale Agreement; and produce documents regarding their net worth Defendants were ordered to produce the information within four (4) business days, by February 26, 2014. No mention was made in the Discovery Order of the earlier Notice of Referral, which expressly held the parties' Joint Letter in abeyance, pending the parties' in-person conference.[3]

---

[3] Shortly after the Discovery Order issued, Plaintiff's counsel informed Defendants' counsel that he did not believe the parties still needed to meet, as originally scheduled. Counsel for Defendants responded that the Discovery Order appeared to conflict with the Notice of Referral, and that Defendants intended to seek clarification. In response, Plaintiff speculated that the Court had "changed [its] mind, [and] realized that requiring an in person meeting was not necessary." Defendants's counsel pointed out that the later order did not mention the earlier notice, noted that he and his partner would be unavailable next week, making compliance difficult, if not impossible, and expressed his desire to address this and the issues raised by Plaintiff the Joint Letter with Plaintiff's counsel in person. Plaintiff's counsel disagreed with Defendants' counsel's interpretation of the Notice and the Order. Rather than agreeing to meet in the office of Defendants' counsel, as he had previously agreed to do, counsel for Plaintiff now said

Defendants respectfully submit that the Discovery Order reflects a manifest failure by the Court to consider material facts, namely, the fact that the parties did <u>not</u> exhaust their efforts to resolve their discovery dispute by discussing the issues in person, as directed by the Court. As made clear in both its Notice of Referral and its Discovery Standing Order, this Court considers in-person, face-to-face conferences between the parties a crucial part of the process for resolving discovery disputes. Here, the parties were scheduled to engage in this process. Before they could do so, though, the Court issued its Discovery Order, depriving them of the opportunity to see if agreement was possible.

In addition, Defendants respectfully submit that the Discovery Order reflects a manifest failure by the Court to consider material facts, insofar as it requires Defendants to produce documents regarding their net worth. As explained in the parties' Joint Letter (Doc. No. 38), Defendants presented Plaintiff with a proposed stipulation regarding their net worth, as they believed it would resolve the parties' dispute regarding the scope of Plaintiff's discovery into that issue. In response to concerns raised by Plaintiff about the stipulation, Defendants presented Plaintiff with a revised proposal. Plaintiff informed Defendants that the revised stipulation was not agreeable, but when asked to explain why not, refused to do so. Defendants submit that if the parties can agree on the language of a stipulation regarding Defendants' net worth, the need for them to produce documents can be avoided. Plaintiff, however, has refused to engage with Defendants in good faith on this issue.

Finally, Defendants do not believe that they can comply with the Court's order in the short time-frame set forth in it. Both of the partners of the law firm representing Defendants (Tomio Narita and Jeffrey Topor) are scheduled to be out of

---

that Plaintiff was "satisfied" with the Court's recent order, but he could meet in his office, in San Jose. *See* E-Mail Correspondence attached hereto as **Exhibit A.** Rather than attending a meeting that clearly would not be productive, Defendants elected to devote their resources to bringing this motion.

1  the office from Friday, February 21, 2104 through Friday, February 28, 2014.  To the
2  extent that the Court declines to allow Defendants to file a motion for
3  reconsideration, Defendants respectfully request that they be afforded additional
4  time, until March 12, 2014, to comply with the Court's Discovery Order.

6  DATED:  February 21, 2014           SIMMONDS & NARITA LLP
                                       TOMIO B. NARITA
7                                      JEFFREY A. TOPOR

9                                      By:  s/Tomio B. Narita
                                            Tomio B. Narita
10                                          Attorneys for Defendants
                                            Midland Credit Management, Inc.
11                                          and Midland Funding, LLC

# EXHIBIT A

# Tomio Narita

| | |
|---|---|
| **From:** | Fred W. Schwinn <Fred.Schwinn@sjconsumerlaw.com> |
| **Sent:** | Thursday, February 20, 2014 5:30 PM |
| **To:** | Tomio Narita |
| **Cc:** | Rand Bragg; Raeon Roulston; Jeffrey Topor |
| **Subject:** | RE: Gold v. Midland |

Tomio:

I believe that you are misreading the first order.  Because there was no "pending motion," nothing was denied.  The order then requests a declaration from the parties if a previous discovery letter had been filed with the presiding judge.  The Court then entered the discovery order this morning, thus, resolving the discovery disputes addressed in the join letter.  In any event, Plaintiff is satisfied with the Court's discovery order, therefore, if you still want to meet tomorrow morning at 10:00 a.m., you can come to our office in San Jose.

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA  95113-2418
Phone (408) 294-6100 x111
Fax (408) 294-6190
fred.schwinn@sjconsumerlaw.com

Notice:  This message, and any attached file, is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by reply e-mail and delete all copies of the original message.  Thank you.

**From:** Tomio Narita [mailto:TNarita@snllp.com]
**Sent:** Thursday, February 20, 2014 4:57 PM
**To:** Fred W. Schwinn
**Cc:** Rand Bragg; Raeon Roulston; Jeffrey Topor; Tomio Narita
**Subject:** RE: Gold v. Midland

Thanks Fred.  Its hardly clear that the Judge "changed her mind" as you state, since her order from today does not even reference the order that she issued just one day earlier that denied the motion without prejudice and directed the parties to conduct an in person meet and confer.  I think we should proceed with the meeting as scheduled.  In addition, both Jeff Topor and I are out the entire week next week, so it will be very difficult, if not impossible, for us to coordinate with the client and meet the deadline set by the Court.  I would like to address this and other issues raised by your motion in our meeting tomorrow.  Please let me know if you plan to attend.

Thanks, Tomio

**From:** Fred W. Schwinn [mailto:Fred.Schwinn@sjconsumerlaw.com]
**Sent:** Thursday, February 20, 2014 12:11 PM
**To:** Tomio Narita
**Cc:** Rand Bragg; Raeon Roulston; Jeffrey Topor
**Subject:** RE: Gold v. Midland

Tomio:

I do not see a conflict.  The first order requested a declaration, but the Judge apparently changed her mind, realized that requiring an in person meeting was not necessary, thus she issued the second order.

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA  95113-2418
Phone (408) 294-6100 x111
Fax (408) 294-6190
fred.schwinn@sjconsumerlaw.com

Notice:  This message, and any attached file, is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by reply e-mail and delete all copies of the original message.  Thank you.

**From:** Tomio Narita [mailto:TNarita@snllp.com]
**Sent:** Thursday, February 20, 2014 12:03 PM
**To:** Fred W. Schwinn
**Cc:** Rand Bragg; Raeon Roulston; Tomio Narita; Jeffrey Topor
**Subject:** RE: Gold v. Midland

Fred: actually we'd like to get clarification of the second order, since the motion was denied without prejudice pursuant to the first order, and we've not conducted our meet and confer yet, so the two orders appear to conflict.

**From:** Fred W. Schwinn [mailto:Fred.Schwinn@sjconsumerlaw.com]
**Sent:** Thursday, February 20, 2014 11:47 AM
**To:** Tomio Narita
**Cc:** Rand Bragg; Raeon Roulston
**Subject:** Gold v. Midland

Tomio:

In light of the attached Discovery Order, Plaintiff's counsel do not believe that our meeting tomorrow morning needs to go forward.  If for some reason you disagree, please let me know immediately.

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA  95113-2418

2

Phone (408) 294-6100 x111
Fax (408) 294-6190
fred.schwinn@sjconsumerlaw.com

Notice:  This message, and any attached file, is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by reply e-mail and delete all copies of the original message.  Thank you.