Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (Pro Hac Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
ELLEN ANNETTE GOLD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELLEN ANNETTE GOLD, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 5:13-CV-02019-BLF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION IN RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS**<br><br>[Fed. R. Civ. P. 37(a) & Civil L.R. 37]<br><br>Hearing Date:      July 10, 2014<br>Hearing Time:     9:00 a.m.<br>Hearing Judge:   Beth Labson Freeman<br>Hearing Courtroom: 3, 5th Floor<br>Hearing Place:     280 South First Street<br>                              San Jose, California |

COMES NOW Plaintiff, ELLEN ANNETTE GOLD ("GOLD"), by and through her counsel Fred W. Schwinn and Raeon R. Roulston of Consumer Law Center, Inc., and O. Randolph Bragg of Horwitz, Horwitz & Associates, Ltd., and hereby submits her Memorandum of Points and Authorities

in Support of Motion to Compel Further Discovery Responses and Production of Documents and Electronically Stored Information in Response to Plaintiff's Discovery Requests filed herewith.

Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), has failed and refused to provide information requested by GOLD in this matter which is essential to GOLD's litigation of this case. MCM has failed to make a substantive response to Plaintiff's Second Set of Interrogatories Propounded to Defendant, Midland Credit Management, Inc., or to produce a competent witness or documents as requested in GOLD's Notice of Taking Oral Deposition of Defendant, Midland Credit Management, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6). MCM has failed to make available a witness regarding topics on which MCM's Rule 30(b)(6) witness either could or would not testify. Because the information sought herein is essential to GOLD's litigation in this matter, GOLD was forced to file this motion. Pursuant to Fed. R. Civ. P. 37, MCM's failure to produce all responsive documents requires GOLD to bring this motion to compel.

## I. INTRODUCTION

GOLD brings this class action case on behalf of herself and all others similarly situated, to address Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). Generally, GOLD owes a defaulted consumer debt which was sold, assigned, or otherwise transferred to Defendants for collection from GOLD. Thereafter, Defendants sent a collection letter and "educational brochure," to GOLD in an attempt to collect the debt. Defendants' two page collection letter and "educational brochure" included deceptive misleading misrepresentations in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and Cal. Civil Code § 1788.17.

/ / /

**1.  *Donohue v. Quick Collect, Inc.*, and the "Materiality" Affirmative Defense**

GOLD alleges that MCM's collection notice and "educational brochure" falsely, deceptively, and misleadingly misrepresented that payment to Defendants would reduce GOLD's past due balance with HSBC Bank Nevada, N.A., and that Defendants could alter the manner in which HSBC Bank Nevada, N.A., was reporting Plaintiff's debt to the credit bureaus.  GOLD alleges that these false, deceptive and misleading representations are violations of 15 U.S.C. §§ 1692e, 1692e(5),  1692e(10), and Cal. Civil Code § 1788.17.

The fifth affirmative defense in Defendants' Answer to Complaint (Doc. 9) is "Materiality."[1]  Defendants' position is that, to the extent that the letter sent by MCM is deemed to be false or misleading, it did not frustrate GOLD's ability to intelligently choose her response to the letter, and therefore was not materially false or misleading, and is not actionable under the FDCPA or Rosenthal Act.  For this argument, Defendants rely on *Donohue v. Quick Collect, Inc.*[2]

**2.  Why the Discovery Sought by GOLD is Critical**

At present, MCM's argument that the representations made in its collection letter and "educational brochure" were not material, is no more than a bald assertion with no supporting factual basis.  However, MCM cannot simply rely on a bald assertion to prevail on an affirmative defense.  Not only is GOLD entitled to take discovery on this affirmative defense, GOLD believes that MCM has information and documents within its possession, custody, or control, that likely directly contradict MCM's materiality affirmative defense.  If MCM wants the Court to find that its collection notice and "educational brochure" do not influence the choices made by the consumers who receive it, then it would be relevant to apply some empirical facts to MCM's theory.

For example, the following questions would be relevant:

---

[1]  Doc. 9.
[2]  592 F.3d 1027, 1033-34 (9th Cir. 2010);  *See also,* Declaration of Fred W. Schwinn, Exhibit "E" at 41:25 to 45:6.

- whether or not debtors who received the subject collection letter make payments to MCM with more frequency or in higher amounts than debtors who received other collection letters from MCM;

- whether or not debtors that received the subject collection letter send emails or letters to MCM or made inbound calls to MCM with more frequency than debtors who received other forms of collection letters from MCM; and

- whether or not debtors fail to respond to the subject collection letter at the same rate they fail to respond to other collection letters used by MCM.

**3. MCM Has the Information Sought by GOLD Within its Possession, Custody or Control**

MCM's materiality affirmative defense implicitly relies on the absurd proposition that MCM – one of the largest defaulted debt collectors in the United States – prints and mails tens of thousands of collection letters to debtors (in this narrowly defined class case, MCM has disclosed 43,942 individuals who were mailed the subject collection letter) without any concern whatsoever for the reaction or impact the content of such collection letters will have on their targeted debtors. However, quite the opposite is true. GOLD believes that MCM specifically tailors its collection letters to achieve the maximum response and payment rate from targeted debtors. GOLD believes that not only does MCM possess the requested information regarding the data and metrics used to determine and evaluate the efficacy of MCM's collection notices and 'educational brochures,' but also that these metrics will show that the representations at issue in this case influenced the behavior of the debtors who received that collection notice, and thus, were material.

Far from believing that the content of its collection letters have no effect, MCM in fact has a very sophisticated analytics system based in part on the field of "behavioral economics." GOLD has learned that Christopher Trepel, Ph.D., is Senior Vice President and Chief Scientific Officer at Encore

Capital Group ("Encore"), of which MCM is its debt collection subsidiary.  Dr. Trepel is also the Managing Director of Encore's Consumer Credit Research Institute ("CCRI"), "a multidisciplinary, research-based effort to understand prime and subprime consumer behavior in collaboration with leading experts from academia and business," and leads Encore's "Decision Science department."[3] CCRI is a subdivision of Encore that has the stated goals of enhancing consumer intelligence, promoting financial literacy, improving business practices, promoting financial literacy, and improving business practices.[4]  In the debt collection industry, these benign sounding terms translate into the science of collecting more money from financially stressed consumer debtors, like GOLD and the members of the class she represents.  Dr. Trepel is the founder and Managing Director of the CCRI and also serves as Encore's Chief Scientific Officer.  His specialties include neuroeconomics, consumer psychology, household finance, and cognitive neuroscience.[5]  Dr. Trepel would appear to be the person that MCM should produce as a witness in this matter as the person with knowledge on those topics which MCM has yet to produce a competent Rule 30(b)(6) witness.[6]

## II.  RELEVANT FACTS

On March 14, 2014, GOLD served on MCM by first-class mail <u>Plaintiff's Second Set of Interrogatories Propounded to Defendant, Midland Credit Management, Inc.</u>[7]  Thereafter, on or about April 16, 2014, MCM served <u>Defendant Midland Credit Management Inc.'s Responses to Plaintiff's Interrogatories, Set Two.</u>, which included boilerplate objections but no substantive responses.[8]

On March 27, 2014, GOLD served MCM with <u>Notice of Taking Oral Deposition of Defendant, Midland Credit Management, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6)</u>, which included a request for

---

[3] <u>Declaration of Fred W. Schwinn</u> at ¶ 11, Exhibit "H."
[4] <u>Declaration of Fred W. Schwinn</u> at ¶ 12, Exhibit "I."
[5] <u>Declaration of Fred W. Schwinn</u> at ¶ 13, Exhibit "J."
[6] <u>Declaration of Fred W. Schwinn</u> at ¶ 14, Exhibit "K."
[7] <u>Declaration of Fred W. Schwinn</u> at ¶ 3, Exhibit "A."
[8] <u>Declaration of Fred W. Schwinn</u> at ¶ 4, Exhibit "B."

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 5:13-CV-02019-BLF

production of documents pursuant to Fed. R. Civ. P. 30(b) and 34.  Specifically, Document Request No. 13 seeks: "All documents which show the metrics used to determine and evaluate the efficacy of MCM's collection notices and 'educational brochures' . . . and how those metrics compare with other collection notices used by MCM."[9]  GOLD's Rule 30(b)(6) deposition notice also required MCM to designate a witness for the following topics:

> 11. The design, use, and efficacy of collection notices and "educational brochures" in the form of Exhibit "1," attached hereto;
>
> 12. The names, titles, residence addresses, and residence telephone numbers of all persons who participated in designing, creating, furnishing, compiling or printing collection notices and "educational brochures" in the form of Exhibit "1," attached hereto;
>
> 14. The names, titles, residence addresses, and residence telephone numbers of all persons who reviewed and/or approved collection notices and "educational brochures" prior to their mailing by MCM;
>
> 15. The number of collection notices and "educational brochures" in the form of Exhibit "1" attached hereto mailed by MCM each month from January 1, 2010, to the present;
>
> 16. The metrics used to determine and evaluate the efficacy of MCM's collection notices and "educational brochures" in the form of Exhibit "1" attached hereto (i.e., response rate, payments received, etc.), and how those metrics compare with other collection notices used by MCM;
>
> 17. The date MCM began using collection notices and "educational brochures" in the form of Exhibit "1" attached hereto; and
>
> 18. The date MCM ceased using collection notices and "educational brochures," in the form

---

[9]  <u>Declaration of Fred W. Schwinn</u> at ¶ 5, Exhibit "C."

of Exhibit "1" attached hereto.[10]

On or about April 15, 2014, MCM served <u>Objections to Plaintiff's Notice of 30(b)(6) Deposition by Defendant Midland Credit Management, Inc</u>.[11]

On April 28, 2014, counsel for GOLD conducted the deposition of Angelique Danielle Ross, MCM's Rule 30(b)(6) witness, in San Diego, California. Ms. Ross refused to answer questions regarding the design, use, and efficacy of MCM's collection notices and "educational brochures," as well as topics relating to the number of such notices that were mailed, stating that she was not knowledgeable regarding these topics. Tomio B. Narita, counsel for MCM, stated that MCM would not provide a witness for these topics.[12] Moreover, Ms. Ross produced no documents responsive to GOLD's Document Request No. 13.[13] At the deposition, counsel for GOLD met and conferred in person with Mr. Narita regarding the topics about which Ms. Ross could not testify, and the documents MCM refused to produce. Mr. Narita stated that he would talk to his client and, by the end of the week of April 28, 2014, inform counsel whether MCM intended to provide the requested information and documents.[14] Thereafter, the parties entered into a stipulation to extend the deadline for GOLD to file a Motion to Compel Discovery Responses to June 6, 2014, and the Court entered an Order thereon.[15]

On or about May 7, 2014, Mr. Narita emailed counsel for GOLD, asking if the parties could resolve the issue of the outstanding discovery by means of a stipulation. Counsel for GOLD responded to Mr. Narita via email on May 13, 2014, stating that GOLD's outstanding discovery requests would only become irrelevant if MCM agreed to waive any "materiality" defense based on *Donohue*. On May 18, 2014, Mr. Narita emailed counsel for GOLD, declining to waive any "materiality" defense, stating

---

[10] *Id*.
[11] <u>Declaration of Fred W. Schwinn</u> at ¶ 6, Exhibit "D."
[12] <u>Declaration of Fred W. Schwinn</u> at ¶ 7, Exhibit "E" at 10-14.
[13] *Id*.
[14] <u>Declaration of Fred W. Schwinn</u> at ¶ 8, Exhibit "E" at 41-46.
[15] <u>Declaration of Fred W. Schwinn</u> at ¶ 9, Exhibit "F."

- 7 -
MEMORANDUM OF POINTS AND AUTHORITIES      Case No. 5:13-CV-02019-BLF

that "we cannot agree to withdraw our position that the letter does not contain any 'material' misstatements or omissions."[16]  As of the date of this Motion, MCM has not further supplemented its document production nor its interrogatory responses in this case, nor has MCM presented a witness fully knowledgeable of the topics on which MCM's witness failed to testify.[17]

### III.  POINTS AND AUTHORITIES

#### A.  DISCOVERY PRINCIPLES

GOLD is entitled to discovery to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits."[18]

It is MCM's burden to persuade the Court that the information and documents it has refused to provide are outside the broad scope of discovery.[19]  The Court may not consider the merits of the action in ruling on discovery disputes.[20]

#### B.  GOLD'S DISCOVERY REQUESTS

GOLD seeks complete responses to her written discovery, presentation of a knowledgeable and competent witness, and a complete document production to her requests for production, as follows:

**Plaintiff's Second Set of Interrogatories Propounded to
Defendant, Midland Credit Management, Inc.**

| Request | Response |
| --- | --- |
| Interrogatory No. 1: State the number, names and | Response to Interrogatory No. 1:   The |

---

[16] Declaration of Fred W. Schwinn at ¶ 10, Exhibit "G."
[17] Declaration of Fred W. Schwinn at ¶ 15.
[18] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).
[19] *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (E.D. Ill. 1975).
[20] *Garland v. Torres*, 259 F.2d 545, 550-51 (2d Cir. 1958).  *See also V.D. Anderson Co. v. Helena Cotton Oil Co.*, 117 F. Supp. 932, 945 fn. 9 (E.D. Ark. 1953) ("[I]t is no objection to an interrogatory that it relates to a defense or claim which is insufficient in law.  It is not ordinarily the function of the court in passing upon objections to interrogatories to decide ultimate questions.").

| | |
|---|---|
| addresses of all California residents to whom collection notices in the form of Exhibit "1" were sent regarding a debt alleged to be originally owed to any creditor other than HSBC Bank Nevada, N.A., from May 2, 2012, through the present. | Interrogatory is overbroad and seeks information which does not relate to the purported class identified in Plaintiff's Complaint, and thus is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the term "debt" because Defendant lacks sufficient knowledge or information to form a belief as to whether the unpaid financial obligations of the individuals at issue are based on transactions incurred primarily for personal, family or household purposes, as required by 15 U.S.C. § 1692a(5). Defendant objects to the term "California residents" on the grounds that the determination of whether an individual is a "resident" of California involves a balancing of multiple factors, and Defendant lacks sufficient knowledge or information to form a belief as to the legal residency of any of the customers who may have received Exhibit 1. Defendant also objects to this Interrogatory to the extent that it seeks private information regarding non-party individuals that is subject to common law and statutory provisions that bar the disclosure of that information without the consent of third parties. |
| <u>Interrogatory No. 2:</u> All DOCUMENTS in Defendant, MCM, INC.'s, possession sent to or received from Plaintiff which in any way relate to the debt owed by Plaintiff. | <u>Response to Interrogatory No. 2:</u> The Interrogatory is overbroad to the extent it seeks information regarding individuals who are not members of the purported class identified in Plaintiff's Complaint, and to the extent it seeks information relating to actual damages, which are not sought by the Complaint. The request seeks information that is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. |

**Topics Contained in GOLD's <u>Notice of Deposition</u> for Which MCM has Failed to Provide a Competent Witness**

11. The design, use, and efficacy of collection notices and "educational brochures" in the form of Exhibit "1," attached hereto;

12. The names, titles, residence addresses, and residence telephone numbers of all persons who participated in designing, creating, furnishing, compiling or printing collection notices and "educational brochures" in the form of Exhibit "1," attached hereto;

15.  The number of collection notices and "educational brochures" in the form of Exhibit "1" attached hereto mailed by MCM each month from January 1, 2010, to the present;

16.  The metrics used to determine and evaluate the efficacy of MCM's collection notices and "educational brochures" in the form of Exhibit "1" attached hereto (i.e., response rate, payments received, etc.), and how those metrics compare with other collection notices used by MCM;

17.  The date MCM began using collection notices and "educational brochures" in the form of Exhibit "1" attached hereto;

18.  The date MCM ceased using collection notices and "educational brochures," in the form of Exhibit "1" attached hereto.

**Fed. R. Civ. P. 30(b) Deposition (Duces Tecum)**

| Request | Response |
| --- | --- |
| Document Request No. 13:  All documents which show the metrics used to determine and evaluate the efficacy of MCM's collection notices and "educational brochures" in the form of Exhibit "1," attached hereto (i.e., response rate, payments received, etc.), and how those metrics compare with other collection notices used by MCM. | Response to Document Request No. 13:  Request 13 . . . is objectionable to the extent that it seeks testimony that is neither relevant to the subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence. The Request is further objectionable in that the term "metrics," and the phrase "used to determine and evaluate the efficacy" are vague and ambiguous. |

### C.   MCM MUST PRODUCE ADDITIONAL DOCUMENTS AND MAKE A COMPLETE RESPONSE TO GOLD'S INTERROGATORIES

The discovery requests and deposition topics quoted above seek information regarding the design, use, and efficacy of MCM's collection notices and "educational brochures," similar to the documents attached to GOLD's Class Action Complaint in this matter as Exhibit "1."[21]  GOLD believes that complete responses to these discovery requests are relevant to MCM's asserted "Materiality" affirmative defense in this matter.[22]  Specifically, GOLD believes that the information sought herein will show whether or not a "least sophisticated consumer" receiving collection letters from MCM is more likely than not to respond to MCM's collection attempts when the specific collection notices and

---

[21] Doc. 1.

[22] Doc. 9, Fifth Affirmative Defense.  *See also*, *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).

"educational brochures," similar to the documents attached to GOLD's Class Action Complaint in this matter as Exhibit "1,"[23] are used by MCM. To support this evidence, GOLD needs the empirical evidence of MCM's collection attempts that is in the sole possession, custody, or control of MCM. MCM has failed to provide this information and instead relies on objections based on relevancy. MCM's objections are without merit.

GOLD is entitled to discovery on "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits."[24] Here, GOLD is seeking information directly related to a pled affirmative defense in this case: MCM's "Materiality" Affirmative Defense. Essentially, MCM will try to argue that even if its collection letters contain false misrepresentations, any such misrepresentations are immaterial and "harm no one."[25] However, GOLD believes that MCM has information regarding the design, use, and efficacy of MCM's collection notices and "educational brochures," which will show the effectiveness and materiality of MCM's misrepresentations. By examining the frequency and use of MCM's various collection letters and their respective response rates, GOLD believes that she will discover relevant evidence regarding the materiality of MCM's misrepresentations in attempting to collect defaulted consumer debts such as GOLD's.

Pursuant to Fed. R. Civ. P. 37(a)(4), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. It is clear that there are additional documents and ESI in MCM's possession, custody, or control which show the effectiveness of MCM's various collection letters, which MCM refuses to produce. MCM has failed to make a complete

---

[23] Doc. 1.
[24] *Oppenheimer*, 437 U.S. at 351.
[25] *See generally Donohue*, 592 F.3d at 1034. *See also,* Declaration of Fred W. Schwinn at ¶ 8, Exhibit "E," at 41-46.

1  document production and is therefore in violation of the Federal Rules of Civil Procedure and GOLD
2  requests the Court's assistance in enforcing his discovery rights pursuant to Fed. R. Civ. P. 37(a).

3  GOLD has attempted to informally resolve this discovery dispute both in person at the
4  deposition of Angelique Danielle Ross[26] and through various email correspondence with opposing
5  counsel.[27]

6  Because objections as to relevancy and vague assurances of some future document production is
7  all that was received from MCM, GOLD is justified in seeking the production of a competent witness in
8  San Jose and MCM's complete document production. As shown above, GOLD has attempted to
9  resolve this dispute in good faith for more than two months and the non-performance of MCM is not
10 justified. GOLD is therefore entitled to the Court's assistance to enforce her discovery rights.

**D.    MCM SHOULD BE ORDERED TO APPEAR FOR DEPOSITION IN SAN JOSE, CALIFORNIA WITH A WITNESS KNOWLEDGEABLE ABOUT THE DEPOSITION TOPICS THAT ANGELIQUE DANIELLE ROSS FAILED TO ANSWER**

Pursuant to Fed. R. Civ. P. 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31. . . ." As noted above, MCM's 30(b)(6) witness refused to answer questions regarding topic numbers 11, 12, 14, 15, 16, 17, or 18, stating that she was not knowledgeable regarding these topics. However, there is a person with knowledge regarding these topics within MCM's employ: Christopher Trepel, Ph.D.

GOLD believes that Dr. Trepel conducts research for MCM regarding the effectiveness and use of its various collection letters and collection "campaigns" used by MCM. In fact, Dr. Trepel leads "the Decision Science department" at Encore Capital Group and is the Managing Director of Encore's Consumer Credit Research Institute.[28] Encore is the parent corporation of MCM and is an interested

---
[26] Declaration of Fred W. Schwinn at ¶ 8, Exhibit "E," at 41-46.
[27] Declaration of Fred W. Schwinn at ¶ 10.
[28] Declaration of Fred W. Schwinn at ¶ 11, Exhibit "H."

- 12 -

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 5:13-CV-02019-BLF

party for the purposes of Civil L.R. 7.1.[29] Because MCM failed to produce a witness knowledgeable on the topics specified in GOLD's <u>Notice of Taking Oral Deposition of Defendant, Midland Credit Management, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6)</u>, MCM must produce Dr. Trepel or a person of his equivalent knowledge for the topics MCM failed to answer for deposition testimony. Because MCM failed to produce this person at its duly noticed deposition, MCM should be ordered to present this witness for deposition in San Jose, California.

### IV. CONCLUSION

MCM has failed and refused to produce relevant evidence regarding its "Materiality" Affirmative Defense in response to <u>Plaintiff's Second Set of Interrogatories Propounded to Defendant, Midland Credit Management, Inc.</u>, or to produce documents as requested in GOLD's <u>Notice of Taking Oral Deposition of Defendant, Midland Credit Management, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6)</u>, thereby forcing GOLD to seek the Court's assistance in enforcing her discovery rights. GOLD has attempted to informally resolve this discovery dispute. Because MCM has additional documents in its possession, custody, or control which have not previously been produced, MCM is not justified in withholding these additional, responsive documents and ESI. Additionally, there are witnesses under MCM's control who can answer questions based on the topics that MCM's 30(b)(6) witness either could not or would not answer for lack of knowledge. GOLD therefore request that this Court order MCM to make a full and complete document production, provide complete responses to GOLD's Second Set of Interrogatories, and to produce a witness knowledgeable on topic numbers 11, 12, 14, 15, 16, 17, and 18 of GOLD's <u>Notice of Taking Oral Deposition of Defendant, Midland Credit Management, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6)</u>, in San Jose, California for deposition.

///

///

---

[29] <u>Declaration of Fred W. Schwinn</u> at ¶ 14, Exhibit "K."

| | |
|---|---|
| | CONSUMER LAW CENTER, INC. |
| Dated: June 5, 2014 | By: /s/ Fred W. Schwinn |
| | Fred W. Schwinn (SBN 225575) |
| | Raeon R. Roulston (SBN 255622) |
| | 12 South First Street, Suite 1014 |
| | San Jose, California 95113-2418 |
| | Telephone Number: (408) 294-6100 |
| | Facsimile Number: (408) 294-6190 |
| | Email Address: fred.schwinn@sjconsumerlaw.com |
| | |
| | O. Randolph Bragg (Pro Hac Vice) |
| | HORWITZ, HORWITZ & ASSOCIATES, LTD. |
| | 25 East Washington Street, Suite 900 |
| | Chicago, Illinois 60602-1716 |
| | Telephone Number: (312) 372-8822 |
| | Facsimile Number: (312) 372-1673 |
| | Email Address: rand@horwitzlaw.com |
| | |
| | Attorneys for Plaintiff |
| | ELLEN ANNETTE GOLD |