Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (Pro Hoc Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
ELLEN ANNETTE GOLD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELLEN ANNETTE GOLD, on behalf of herself and all others similarly situated,<br><br>                            Plaintiff,<br>     v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>                            Defendants. | Case No. 5:13-CV-02019-BLF<br><br>**DECLARATION OF FRED W. SCHWINN IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION IN RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS**<br><br>[Fed. R. Civ. P. 37(a) & Civil L.R. 37]<br><br>Hearing Date:     July 10, 2014<br>Hearing Time:     9:00 a.m.<br>Hearing Judge:    Beth Labson Freeman<br>Hearing Courtroom: 3, 5th Floor<br>Hearing Place:    280 South First Street<br>                  San Jose, California |

I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

   1.   I am an attorney at law duly licensed to practice before all the courts of the State of

---

1  California and one of the attorneys of record for Plaintiff, ELLEN ANNETTE GOLD (hereinafter "GOLD").

2. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

3. On March 14, 2014, I served on MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM") by first-class mail <u>Plaintiff's Second Set of Interrogatories Propounded to Defendant, Midland Credit Management, Inc.</u>  A true and correct copy of <u>Plaintiff's Second Set of Interrogatories Propounded to Defendant, Midland Credit Management, Inc.</u> is attached hereto as Exhibit "A."

4. On or about April 16, 2014, MCM served <u>Defendant Midland Credit Management Inc.'s Responses to Plaintiff's Interrogatories, Set Two</u>, which included boilerplate objections but no substantive responses.  A true and correct copy of <u>Defendant Midland Credit Management Inc.'s Responses to Plaintiff's Interrogatories, Set Two</u> is attached hereto and marked as Exhibit "B."

5. On March 27, 2014, I served on MCM by first-class mail, <u>Notice of Taking Oral Deposition of Defendant, Midland Credit Management, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6)</u>, which included a request for production of documents pursuant to Fed. R. Civ. P. 30(b) and 34.  A true and correct copy of <u>Notice of Taking Oral Deposition of Defendant, Midland Credit Management, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6)</u> is attached hereto and marked as Exhibit "C."

6. On or about April 15, 2014, MCM served <u>Objections to Plaintiff's Notice of 30(b)(6) Deposition by Defendant Midland Credit Management, Inc.</u>  A true and correct copy of <u>Objections to Plaintiff's Notice of 30(b)(6) Deposition by Defendant Midland Credit Management, Inc.</u> is attached hereto and marked as Exhibit "D."

7. On April 28, 2014, I conducted the deposition of Angelique Danielle Ross, MCM's

designated Rule 30(b)(6) witness, in San Diego, California. Ms. Ross refused to answer all questions regarding the design, use, and efficacy of MCM's collection notices and "educational brochures," as well as topics relating to the number of such notices that were used, stating that she had not knowledge regarding these topics. Tomio B. Narita, counsel for MCM, stated that no witness would be provided for these topics. Moreover, Ms. Ross produced no documents responsive to GOLD's Fed. R. Civ. P. 30(b) and 34, Document Request No. 13. A true and correct copy of excerpts from this deposition is attached hereto and marked as Exhibit "E."

8. At the Deposition of MCM's designated Rule 30(b)(6) witness, I met and conferred in person with Mr. Narita regarding the topics about which Ms. Ross refused to testify, and the documents MCM refused to produce. Mr. Narita stated that he would talk to his client and, by the end of the week of April 28, 2014, inform me whether MCM intended to provide the requested information and documents. A true and correct copy of excerpts from this deposition is attached hereto and marked as Exhibit "E."

9. On May 7, 2014, the Court entered an Order in this matter (Doc. 51) granting the parties' stipulation to extend the deadline for GOLD to file a Motion to Compel Discovery Responses to June 6, 2014. A true and correct copy of the said stipulation and order (Doc. 51) is attached hereto and marked as Exhibit "F."

10. On or about May 7, 2014, Mr. Narita emailed me, asking if the parties could resolve the issue of the outstanding discovery by means of a stipulation. I responded to Mr. Narita via email on May 13, 2014, stating that GOLD's outstanding discovery requests would only become irrelevant if MCM agreed to waive any "materiality" defense based on *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010). On May 18, 2014, Mr. Narita emailed me, declining to waive any "materiality" defense, stating that "we cannot agree to withdraw our position that the letter does not

DECLARATION OF FRED W. SCHWINN    Case No. 5:13-CV-02019-BLF

contain any 'material' misstatements or omissions." A true and correct copy of this email chain is attached hereto as Exhibit "G."

11. Through her own efforts, Plaintiff has learned that Christopher Trepel, Ph.D., is Senior Vice President and Chief Scientific Officer at Encore Capital Group, Inc. (MCM's parent company), and is the Managing Director of Encore's Consumer Credit Research Institute (CCRI), "a multidisciplinary, research-based effort to understand prime and subprime consumer behavior in collaboration with leading experts from academia and business." Dr. Trepel also leads "the Decision Science department" at Encore. A printout from Encore Capital Group's website detailing Dr. Trepel's titles and duties is attached hereto as Exhibit "H."

12. The Consumer Credit Research Institute (CCRI) is a subdivision of Encore Capital Group (MCM's parent company) that has the stated goals of enhancing consumer intelligence, promoting financial literacy, improving business practices, enhancing consumer intelligence, promoting financial literacy, and improving business practices. A printout from the CCRI website "About" page is attached hereto as Exhibit "I."

13. Dr. Trepel is the founder and Managing Director of the Consumer Credit Institute and also serves as Encore's Chief Scientific Officer. His specialties include neuroeconomics, consumer psychology, household finance, and cognitive neuroscience. A printout from the CCRI website "Meet our Scientists" page is attached hereto as Exhibit "J."

14. Encore Capital Group, Inc., a Delaware corporation, is directly affiliated with Defendants, and should produce Dr. Trepel as a witness in this matter as a person knowledgeable on those topics which MCM has yet to produce a competent witness. *See, e.g.*, Defendants' Certificate of Interested Parties (Doc. 10), attached hereto as Exhibit "K."

15. As of the date of this Declaration, MCM has not further supplemented its

document production or interrogatory responses in this case, nor has MCM presented a witness fully knowledgeable of the topics on which MCM's witness failed to testify.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 5th day of June, 2014, at San Jose, California.

                                                /s/ Fred W. Schwinn