UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN ANNETE GOLD,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>Defendants. | Case No. 13-cv-02019-BLF   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 60 |

## INTRODUCTION

Pending before the Court is the parties' joint discovery dispute letter filed June 19, 2014. Jt. Ltr., Dkt. No. 60. In the joint letter, Plaintiff Ellen Gold seeks to compel Defendants Midland Credit Management, Inc. and Midland Funding, LLC to produce certain information and documents relating to the responses to collection notices sent by Defendants.

## BACKGROUND

Defendant Midland Credit Management, Inc. ("MCM") is a corporation that operates via mail and telephone in an attempt to collect debts alleged to be due another. Compl., Dkt. No. 1 at 3. Defendant Midland Funding, LLC is a limited liability company that also collects debts alleged to be due another via mail and telephone. *Id*. at 3-4. Both Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1693a(6) and California Civil Code section 1788.2. *Id*.

Plaintiff Ellen Gold filed this consumer class action suit on behalf of herself and all others similarly situated, alleging Defendants' collection notices misrepresented their ability to update, amend, or otherwise improve the credit reporting of HSBC Bank in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33. Plaintiff seeks declaratory judgment and statutory damages. Compl. at 2.

Defendants asserted five affirmative defenses: (1) bona fide error, (2) no willful conduct,

1   (3) First Amendment, (4) arbitration, and (5) materiality.  Dkt. No. 9 at 10-3.

2       Plaintiff served Defendants with Interrogatories on March 14, 2014 and Requests for
3   Production on March 27, 2014.  Jt. Ltr., Ex. A.  On June 19, 2014 the parties filed this joint
4   discovery dispute letter.  Although discovery is closed, the parties have stipulated to an extension
5   of time to resolve this issue.  *Id*.

## DISCUSSION

    On March 14, 2014, Plaintiff served her Second Set of Interrogatories Propounded to MCM.  *Id.,* Ex. A.  Interrogatory No. 1 asks MCM to "[s]tate the number, names and addresses of all California residents to whom collection notices in the form of Exhibit '1' were sent regarding a debt alleged to be originally owed to any creditor other than HSBC Bank, Nevada, N.A., from May 2, 2012 to the present."  *Id*. at 6.  Interrogatory No. 2 requests "the total amount in dollars collected as a result of YOUR mailing collection notices in the form of Exhibit '1' to anyone, from May 2, 2012, through the present."  *Id*. at 7.

    MCM opposed both interrogatories.  *Id.,* Ex. B at 2-3.  MCM objected to Interrogatory No. 1 on the grounds that it is overbroad and seeks information which does not relate to the purported class identified in Plaintiff's Complaint, and thus is not relevant to the subject matter of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  *Id*. at 2.  It objected to Interrogatory No. 2 on grounds that it is overbroad to the extent that it seeks information regarding individuals who are not members of the purported class, and to the extent it seeks information relating to actual damages, which are not sought by the Complaint.  *Id*. at 3.  MCM further contended that Interrogatory No. 2 seeks information that is not relevant to the lawsuit, nor reasonably calculated to lea to the discovery of admissible evidence.  *Id*.

    On March 27, 2014, Plaintiff served MCM with a Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition notice.  *Id.,* Ex. C.  Accompanying the Notice was a Request to Produce Documents ("RPD").  RPD No. 13 requested "all documents which show the metrics used to determine and evaluate the efficacy of MCM's collection notices and 'educational brochures' in the form of Exhibit '1,' attached hereto (i.e., response rate, payments received, etc.), and how those metrics compare with other collection notices used by MCM."  *Id*. at 5.

MCM objected to Plaintiff's RPD No. 13 on grounds that it seeks testimony that is irrelevant to the subject matter of the action and is not reasonably calculated to lead to the discovery of admissible evidence. *Id.,* Ex. D at 17.  Additionally, MCM's witness, Angelique Ross, refused to answer questions during her deposition regarding the design, use, and efficacy of MCM's collection notices and educational brochures on the basis that she was not knowledgeable about the topic.  Jt. Ltr. at 3, Ex. E at 9-14.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This rule is liberally construed to allow wide-ranging discovery so parties can obtain information necessary to evaluate and resolve their dispute.  *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Defendants argue that the information Plaintiff seeks in Interrogatory Nos. 1 and 2 and RPD No. 13 has no bearing on the issue of law the Court must decide. Jt. Ltr. at 5.  In determining whether a communication violates the FDCPA, courts apply the objective "least sophisticated debtor" standard, which "determines whether the communication is 'likely to deceive or mislead a hypothetical least sophisticated debtor." *Schwarm v. Craighead*, 522 F. Supp. 2d 1056, 1074 (9th Cir. 2008) (citing *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (internal quotations omitted).  "Whether a communication would confuse a least sophisticated debtor, thereby violating the FDCPA, is a question of law." *Id.* at 1074 (internal quotation omitted).  As such, Defendants contend that because empirical evidence is not required in order to adjudicate this matter, Plaintiff is not entitled to the response and payment rates of the individuals who received the letter as compared to individuals who received other letters. Jt. Ltr. at 5.  However, Rule 26(b)(1) is concerned with matters that are relevant; it is not restricted to information is necessary to prove a case.  A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).  As such, the question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case.  *Miller v. Pancucci,* 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer,* 437 U.S. at 351).  Here, Plaintiff's position is that "examining the frequency

3

of use of MCM's various collection letters and their respective response rates" will lead to "relevant evidence regarding the materiality of MCM's misrepresentations in attempting to collect consumer debts such as Plaintiff's." Jt. Ltr. at 3. Accordingly, Plaintiff has made a sufficient showing that the discovery she seeks is relevant, as it pertains to Defendants' affirmative defense of materiality.

Just as Defendants are entitled to raise affirmative defenses, Plaintiff is entitled to conduct discovery based those defenses. *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709 (S.D.N.Y. 1979); *Electro-Methods, Inc. v. Adolf Meller Co.*, 2006 WL 2850415, at *2 (D. Colo. Oct. 3, 2006); *Austin v. City and Cnty. of Denver ex rel. Bd. of Water Comm'rs*, 2006 WL 1409543, at *8 (D. Colo. May 19, 2006) ("Plaintiff is entitled to conduct discovery based on the defenses asserted in this case, and, just as importantly, is entitled to assume all defenses have been raised in good faith. As long as Defendants persist in asserting [an affirmative defense], Plaintiff should be entitled to explore the *bona fides* of that affirmative defense."). Such information is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Additionally, "[p]rohibiting plaintiff from conducting discovery on these defenses will clearly place plaintiff at an unfair disadvantage because plaintiff will be unable to explore the factual and legal bases of these defenses, which in turn will significantly impair plaintiff's ability to prepare to rebut or defend against these defenses in dispositive motions or at trial." *New York v. Micron Technology*, at 2009 WL 29883, at *6 (N.D. Cal. Jan. 5, 2009). Nor does this discovery "constitute unfair prejudice, but rather [it is] an inherent part of litigation." *Electro-Methods, Inc.*, 2006 WL at *2.

## CONCLUSION

Based on this analysis, the Court GRANTS Plaintiff's motion to compel responses to Interrogatory Nos. 1 and 2, and RPD No. 13.

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge