UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN ANNETE GOLD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-02019-BLF (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 59 |

## INTRODUCTION

Pending before the Court is the parties' Joint Discovery Dispute Letter No. 1, filed June 19, 2014. Dkt. No. 59. In the joint letter, Plaintiff Ellen Gold seeks to compel Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC to produce a witness who can testify regarding the design, use, and efficacy of MCM's collection notices and educational brochures.

## BACKGROUND

MCM is a corporation that operates via mail and telephone in an attempt to collect debts alleged to be due another. Compl., Dkt. No. 1 at 3. Midland Funding is a limited liability company that also collects debts alleged to be due another via mail and telephone. *Id*. at 3-4. Both Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1693a(6) and California Civil Code § 1788.2. *Id*.

Plaintiff Ellen Gold filed this consumer class action suit on behalf of herself and all others similarly situated, alleging Defendants' collection notices misrepresented their ability to update, amend, or otherwise improve the credit reporting of HSBC Bank in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and of the Rosenthal Fair Debt Collection

United States District Court
Northern District of California

1  Practices Act, Cal. Civ. Code §§ 1788-1788.33.  Compl., at 1-2.  Plaintiff seeks declaratory

2  judgment and statutory damages.  *Id*. at 2.

3          Defendants asserted five affirmative defenses: (1) bona fide error, (2) no willful conduct,

4  (3) unreasonable restraint of Defendants' First Amendment rights, (4) Plaintiff's claims are subject

5  to binding arbitration, and (5) materiality.  Dkt. No. 9 at 9-13.  On March 27, 2014, Plaintiff

6  served MCM with Notice of Taking Oral Deposition of Defendant, Midland Credit Management,

7  Inc., Pursuant to Fed. R. Civ. P. 30(b)(6) ("Deposition Notice").  Jt. Ltr., Ex. A.  On June 19,

8  2014, the parties filed this joint discovery dispute letter.  Jt. Ltr. at 1.  Although discovery is

9  closed, the parties have stipulated to an extension of time to resolve this issue.  *Id*. at 3.

10                                          **DISCUSSION**

11  **A.      Rule 30(b)(6) Deposition Topics**

12          In their letter, the parties address Plaintiff's discovery requests regarding MCM's

13  affirmative defense of materiality.  On March 27, 2014, Plaintiff propounded a Rule 30(b)(6)

14  deposition notice on MCM compelling it to produce a witness who could testify as to certain

15  topics concerning the design, use, and efficacy of MCM's collection notices and educational

16  brochures in the form of Exhibit 1.  *Id*., Ex. A.  Topic Nos. 11, 12, 14, 15, 16, 17, and 18 are in

17  dispute.

18          1.   <u>Topic No. 11</u>

19          Topic No. 11 seeks to compel MCM to produce a witness regarding "[t]he design, use, and

20  efficacy of collection notices and 'educational brochures' in the form of Exhibit '1.'"  Jt. Ltr., Ex.

21  A at 2-3.  MCM objected to this request on the grounds that it seeks testimony that is neither

22  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

23  admissible evidence.  *Id.*, Ex. B at 8.  Additionally, MCM objected to the use of the terms "design,

24  use, and efficacy" as vague and ambiguous.  *Id.*

25          2.   <u>Topic No. 12 & 14</u>

26          Topic No. 12 asks MCM to provide a witness to testify regarding "[t]he names, titles,

27  residence address, and residence telephone numbers of all persons who participated in designing,

28  creating, furnishing, compiling or printing collection notices and 'educational brochures' in the

United States District Court
Northern District of California

1  form of Exhibit '1.'"  *Id.*  Topic No. 14 asks MCM for a witness who could provide "[t]he names,

2  titles, resident addresses, and resident telephone numbers of all persons who reviewed and/or

3  approved collection notices and 'educational brochures' prior to their mailing by MCM."  *Id.,* Ex.

4  A at 3.  MCM objected to both Topic Nos. 12 and 14 on the basis that they seek testimony that is

5  neither relevant to the subject matter of this action nor reasonably calculated to lead to the

6  discovery of admissible evidence.  *Id.*, Ex. B at 8-9.  Defendant also asserted that these requests

7  seek the private information of third parties, thereby implicating their right of privacy.  *Id.*

8          3.   Topic No. 15

9          Topic No. 15 seeks to compel production of a witness regarding "[t]he number of

10  collection notices and 'educational brochures' in the form of Exhibit '1' … mailed by MCM each

11  month from January 1, 2010, to the present."  *Id.*, Ex. A at 3.  MCM objected to this request on the

12  grounds that it seeks testimony that is neither relevant to the subject matter of the action, nor

13  reasonably calculated to lead to the discovery of admissible evidence.  *Id.*, Ex. B at 9.  MCM

14  further objected because the topic seeks information from a period of time before the class period.

15  *Id.*

16          4.   Topic No. 16

17          Topic No. 16 requests a designated witness regarding "[t]he metrics used to determine and

18  evaluate the efficacy of MCM's collection notices and 'educational brochures' in the form of

19  Exhibit '1' … (i.e., response rate, payments received, etc.), and how those metrics compare with

20  other collection notices used by MCM."  *Id.*, Ex. A at 3.  MCM's position is that this topic seeks

21  testimony that is neither relevant to the subject matter of the action, nor reasonably calculated to

22  lead to the discovery of admissible evidence.  *Id.*, Ex. B at 9.  MCM also found this request

23  objectionable because the term "metrics" and the phrase "used to determine and evaluate the

24  efficacy" are vague.  *Id.* at 10.

25          5.   Topic No. 17-18

26          Topic No. 17 seeks to compel production of a witness to testify about "[t]he date MCM

27  began using collection notices and 'educational brochures' in the form of Exhibit '1.'"  *Id.*, Ex. A

28  at 3.  Topic No. 18 seeks the production of a witness regarding "[t]he date MCM ceased using"

1   said documents.  *Id*.  MCM objected to both topics on the basis that they seek testimony that is

2   neither relevant to the subject matter of the action nor reasonably calculated to lead to the

3   discovery of admissible evidence.  *Id*., Ex. B at 10.

**B.      The Deposition of Angelique Ross**

5        Plaintiff's counsel deposed MCM's Rule 30(6)(c) witness, Angelique Ross, on April 28,

6   2014. Jt. Ltr. at 1.  Ms. Ross stated she was designated by MCM to testify about the 21 topics

7   listed in the Deposition Notice.  *Id*., Ex. C at 9.  However, when asked if there were any of the 21

8   topics she would not be able to testify about, Ms. Ross said that, while she had a "general

9   understanding" about Topic Nos. 11 and 12, she did not have "specific information" about them,

10  nor was she qualified to testify about Topic Nos. 14, 15, 16, 17, or 18.  *Id*. at 10-3.  MCM's

11  counsel stated they did not have a witness who was more knowledgeable about those topics that

12  day.  *Id*. at 10.

**C.      Plaintiff's Motion to Compel Production of Rule 30(b)(6) Witness**

14       In her statement, Plaintiff argues that the sought-after information is "directly related to

15  MCM's 'Materiality' affirmative defense."  Jt. Ltr. at 3.  Plaintiff's position is that "examining the

16  frequency of use of MCM's various collection letters and their respective response rates" will lead

17  to "relevant evidence regarding the materiality of MCM's misrepresentations in attempting to

18  collect consumer debts such as Plaintiff's."  *Id*.  Plaintiff also contends that she is entitled to take

19  discovery on MCM's affirmative defenses.  Moreover, Plaintiff believes MCM does in fact have a

20  witness who is qualified to testify about the at-issue topics.  *Id*. at 3-4.  Plaintiff refers to

21  Christopher Trepel, Ph.D., Senior Vice President and Chief Scientific Officer at Encore Capital

22  Group, of which MCM is the debt collection subsidiary.  *Id*. at 3.  Dr. Trepel is also the founder

23  and Managing Director of Encore Capital's Consumer Credit Research Institute, which "is

24  dedicated to understanding financially distressed consumer behavior."[1]  His research includes

25  topics such as "neuroeconomics, consumer psychology, household finance, and cognitive

26  neuroscience."  *Id*. at 2-3.  Plaintiff argues MCM should produce Dr. Trepel as a competent Rule

United States District Court
Northern District of California

---

28  [1] Consumer Credit Research Institute, *About the Institute*, ENCORECCRI.ORG,
http://www.encoreccri.org/about-the-institute/ (last visited June 26, 2014).

30(b)(6) witness to testify about the design, use, and efficacy of MCM's collection notices and educational brochures. *Id.* at 4. Plaintiff seeks a motion to compel MCM to present Dr. Trepel for deposition. *Id.* at 3.

MCM does not address the possibility of Dr. Trepel as a competent witness in its portion of the joint letter. Instead, MCM objects on grounds of relevance and argues that the information Plaintiff seeks in Topic Nos. 11-12 and 14-18 has no bearing on the issue of law the Court must decide. *Id.* at 3-5. In determining whether a communication violates the FDCPA, courts apply the objective "least sophisticated debtor" standard, which "determines whether the communication is 'likely to deceive or mislead a hypothetical least sophisticated debtor." *Schwarm v. Craighead*, 522 F. Supp. 2d 1056, 1074 (9th Cir. 2008) (citing *Terran v. Kaplan*, 109 F.3d 1428, 1431 (1997) (internal quotations omitted)). "Whether a communication would confuse a least sophisticated debtor, thereby violating the FDCPA, is a question of law." *Schwarm*, 522 F. Supp. 2d at 1074 (internal quotation omitted). As such, MCM contends that Plaintiff is not entitled to the response and payment rates of the individuals who received the letter as compared to individuals who received other letters because empirical evidence is not required in order to adjudicate this matter. Jt. Ltr. at 4-5.

Federal Rules of Civil Procedure ("Rule") 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This rule is liberally construed to allow wide-ranging discovery so parties can obtain information necessary to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Despite MCM's contention, Rule 26(b)(1) is concerned with matters that are relevant; it is not restricted to information is necessary to prove a case. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). As such, the question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case. *Miller v. Pancucci,* 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer,* 437 U.S. at 351).

United States District Court
Northern District of California

1    Here, Plaintiff's position is that "examining the frequency of use of MCM's various collection

2    letters and their respective response rates" will lead to "relevant evidence regarding the materiality

3    of MCM's misrepresentations in attempting to collect consumer debts such as Plaintiff's."  Jt. Ltr.

4    at 3.  Accordingly, Plaintiff maintains that she has made a sufficient showing that the discovery

5    she seeks is relevant, as it pertains to Defendants' affirmative defense of materiality.

6          Under Rule 30(b)(6), "[a] party may name as the deponent a public or private

7    corporation....  The named organization must then designate one or more officers, directors, or

8    managing agents, or designate other persons who consent to testify on its behalf; and it may set

9    out the matters on which each person designated will testify....  The persons designated must

10   testify about information known or reasonably available to the organization."  A company served

11   with a deposition notice has "a duty to make a conscientious, good-faith effort to designate

12   knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively

13   answer questions about the designated subject matter."  *E.E.O.C. v. Thorman & Wright Corp.*, 243

14   F.R.D. 421, 425 (D. Kan. 2007) (quoting *Starlight Intern v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan.

15   1999)).

16         Here, the Court finds that MCM breached this duty by producing a witness who could not

17   respond to one-third of the deposition topics.  Even if MCM in good faith believed Ms. Ross

18   would be able to provide knowledgeable testimony, and "it [became] apparent during the

19   deposition that [she] [was] unable to respond to relevant areas of inquiry, [MCM] has a duty to

20   designate an additional knowledgeable deponent."  *Great Am. Ins. Co. of New York v. Vegas

21   Constr. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008) (citing *Marker v. Union Fidelity Life Ins.

22   Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

23         Further, the Court notes it is likely that MCM has a witness who is competent to testify

24   about the design, use, and efficacy of the collection notice and educational brochure.  Jt. Ltr. at 3-

25   4.  Additionally, Ms. Ross indicated in her deposition that someone in the marketing department

26   would likely be able to testify about the at-issue topics.  *Id.*, Ex. C at 10-4.

27                                    **CONCLUSION**

28         Based on this analysis, the Court finds that MCM has not made a showing that there is no

                                              6

other competent witness available to testify regarding Topics 11, 12, 14, 15, 16, 17, and 18.

Accordingly, the Court GRANTS Plaintiff's motion to compel.

        **IT IS SO ORDERED.**


Dated: July 9, 2014

_____

MARIA-ELENA JAMES
United States Magistrate Judge