TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
LIANA MAYILYAN (SBN 295203)
lmayliyan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendants
Midland Credit Management, Inc.
and Midland Funding, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELLEN ANNETE GOLD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 5:13-cv-02019-BLF<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANT MIDLAND FUNDING, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: January 8, 2015<br>Time: 9:00 a.m.<br>Ctrm: 3, 5th Floor<br><br>The Honorable Beth Labson Freeman |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Thursday, January 8, 2015, at 9:00 a.m. in Courtroom 3, 5th Floor of the above Court, located at 280 South First Street, San Jose, California, 95113, the Honorable Beth Labson Freeman presiding, defendant Midland Funding, LLC will and hereby does move this Court for an Order granting summary judgment in its favor, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This motion is made on the grounds that Plaintiff has failed to produce admissible evidence showing there is a genuine dispute as to any material fact bearing on her claims, and Defendant is entitled to judgment as a matter of law.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the Separate Statement in Support of the Motion, the declarations of Angelique Ross and Tomio B. Narita in support of the motion, filed concurrently herewith, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

DATED:  October 30, 2014              SIMMONDS & NARITA LLP
                                       TOMIO B. NARITA
                                       JEFFREY A. TOPOR
                                       LIANA MAYILYAN


                                       By:   s/Jeffrey A. Topor
                                             Jeffrey A. Topor
                                             Attorneys for Defendants
                                             Midland Credit Management, Inc.
                                             and Midland Funding, LLC

## I.      INTRODUCTION

It is undisputed that Midland Funding, LLC's ("Midland Funding") only relationship to Ellen Annette Gold's ("Gold") defaulted HSBC Bank Nevada, N.A. ("HSBC") credit card debt (the "Account") is that Midland Funding purchased that debt from HSBC. It is also undisputed that Midland Funding made not a single call and sent not a single letter to Gold regarding the Account. Nevertheless, based on a letter[1] sent to her not by Midland Funding but by Midland Credit Management, Inc. ("MCM")[2] Gold claims that Midland Funding violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the California Fair Debt Collection Practices Act ("the Rosenthal Act"), Cal. Civ. Code §§ 1788, *et seq*. Midland Funding, however, is not subject to the FDCPA or the Rosenthal Act here.

Midland Funding engaged in no direct or indirect efforts to collect on Gold's account. It could not do so, in fact, because Midland Funding does not even have any employees who might engage in collection activity. Midland Funding does not collect anything from anyone. It makes no phone calls and sends no letters. Rather, pursuant to an intercompany servicing agreement with MCM, all accounts are turned over to MCM for collection efforts. Given this, there is no evidence that Midland Funding acted as a "debt collector" under the FDCPA or the Rosenthal Act. Nor is there any evidence that would permit Midland Funding to be held vicariously liable for MCM's conduct, because Gold has not shown that Midland Funding exercised any control over MCM or that it had any involvement in sending the letter to her or to other members of her purported class. Midland Funding is entitled to summary judgment.

Even if the Court concludes there is a triable issue of fact on whether Midland Funding is vicariously liable, there is no basis for the purported class to recover

---

[1] Attached as Exhibit 1 to the Complaint.

[2] Collectively, Midland Funding and MCM will be referred to as "Defendants."

"additional damages," *i.e.*, statutory damages, based on the net worth of Midland Funding.  At most, the class would be entitled to share in additional damages based on MCM's net worth, and Midland Funding would be jointly and severally liable for that amount.

For each of these reasons, and for the additional reasons stated in MCM's concurrent motion for summary judgment, which Midland Funding joins, summary judgment is proper here.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

When Gold stopped paying on her Account, HSBC charged it off and sold it to Midland Funding.  *See* Midland Funding, LLC's Separate Statement In Support of Motion For Summary Judgment at Issue 1, Fact 1.  Midland Funding purchases defaulted accounts from original creditors.  *See id.* at Issue 1, Fact 2.  The company has no employees, however, and it does not engage in collection activity.  *See id.* Pursuant to an intercompany servicing agreement, Midland Funding referred the Account to MCM for collection.  *See id.* at Issue 1, Fact 3.  MCM, on behalf of Midland Funding, handles the furnishing of information to consumer reporting agencies concerning accounts owned by Midland Funding.  *See id.* at Issue 1, Fact 4.  This action concerns a single letter sent by MCM to Gold date May 3, 2012, which is attached to the Complaint as Exhibit 1.

## III. ARGUMENT

### A. Legal Standard Governing Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As the moving party, Defendant may discharge its burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*).

The burden then shifts to Gold to "present competent evidence that creates a genuine issue of material fact." *See Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002). "Summary judgment is appropriate when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009). "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (affirming summary judgment on FDCPA claims).

### B. The FDCPA And Rosenthal Act Claims Against Midland Funding Fail, Because There Is No Evidence It Engaged, Directly Or Indirectly, In Debt Collection Activities

Gold alleges Midland Funding is a "debt collector" subject to the FDCPA and the Rosenthal Act because its principal purpose "is the collection of debts using the mails and telephone" and because it "regularly attempts to collect debts alleged to be due another." *See* Doc. No. 1 at ¶¶ 9, 43, 52. There is no evidence to support a finding that Midland Funding is a "debt collector" under either Act.

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Some courts have treated assignees that acquire debts in default at the time of assignment, and who then try to collect them, as debt collectors subject to the FDCPA. *See, e.g., Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (holding that debt buyer who sent collection letter to consumer was a "debt

collector" under the FDCPA).[3] But courts have consistently refused to deem an assignee who simply purchases and owns defaulted debt, and contacts with another company to collect on that debt, to be a debt collector under the FDCPA. *See Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036 (N.D. Ill. 2005).

There is no evidence Midland Funding is a "debt collector" under the first prong of section 1692a(6). Gold has proffered no evidence that Midland Funding's principal purpose is the collection of debts via interstate commerce or the mail.[4] To the contrary, the record establishes Midland Funding – which has no employees – merely acquired Gold's unpaid financial obligation from HSBC and referred it to MCM for collection. There is no evidence Midland Funding made any collection calls or sent any collection letters to Gold or any of the putative class members.

Nor can Gold prove that Midland Funding is a "debt collector" under the second prong of section 1692a(6). There is no evidence that Midland Funding "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Nor is there evidence Midland Funding tried to collect Gold's debt, directly or indirectly, such that Midland Funding has FDCPA or Rosenthal Act liability.

This case is virtually identical to *Scally*, 392 F. Supp. 2d 1036. There, Hilco, a debt buyer, acquired plaintiff's credit card debt and referred it to MRS, a collection

---

[3] Under the Rosenthal Act, a "debt collector" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). For purposes of the Rosenthal Act, "debt collection" is "any act or practice in connection with the collection of consumer debts." *Id.* § 1788.2(b).

[4] *Cf. Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1209 (9th Cir. 2013) ("The complaint fails to provide any factual basis from which we could plausibly infer that the principal purpose of Wells Fargo's business is debt collection. Rather, the complaint's factual matter, viewed in the light most favorable to the Schlegels, establishes only that debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA.").

agency, which sent plaintiff a letter that allegedly violated the FDCPA. *See id.* at 1037-38. The court granted Hilco's motion for summary judgment, agreeing plaintiff could not prove that Hilco "acted directly or indirectly to collect her debt." *Id.*

Examining the definition of "debt collector" in section 1692a(6), and citing *Schlosser*, the court noted that, although Hilco acquired plaintiff's debt "after she defaulted . . . , Hilco did not act directly to collect Scally's debt: Hilco never contacted Scally to collect the debt nor did Hilco mail the allegedly offending collection letter. Rather, Hilco outsourced the activity of debt collection to co-defendant MRS, which mailed the letter that is the basis of Scally's complaint." *Id.* at 1037. The pertinent question, therefore, was "whether Hilco acted indirectly when it contracted with MRS for the collection of Scally's debt," specifically, whether Hilco was vicariously liable for MRS collection efforts. *See id.* at 1037-1038.

The court concluded there was no basis to hold Hilco vicariously liable for the conduct of MRS because there was insufficient evidence of control by Hilco over the collection efforts of MRS. This was the case even though the parties conducted monthly conference calls and regularly communicated by email, Hilco retained authority for certain settlements below a specified threshold, and Hilco furnished information about the debtors to the credit reporting agencies. *Id.* at 1040. None of these factors gave Hilco "control over MRS's routine interactions with debtors," or suggested "that Hilco controlled either the mechanisms or the content of MRS's contact with debtors." *Id.* Nor was there evidence "that Hilco exerted control or had the contractual right to assert control over the content of the allegedly infringing collection letter MRS mailed to Scally." *Id.* Thus, Hilco was not vicariously liable for the letter MRS sent and therefore did not act indirectly under section 1692a(6) when it retained MRS to collect plaintiff's debt. *See id.* at 1042.[5]

---

[5] Although the Ninth Circuit has recognized the possibility that vicarious liability can apply in the FDCPA context, it has done so only in a situation where an attorney was acting on behalf of the collector. *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d

Midland Funding's situation is on all fours with that in *Scally* – Midland Funding engaged in no direct collection efforts, nor did it exercise control over MCM.  There is no evidence Midland Funding drafted the letter, approved the letter, or exercised control over the sending of the letter.  Gold cannot prove Midland Funding is directly or vicariously liable.  Midland Funding is entitled to summary judgment.

**C.   The Class May Not Recover Damages Based Upon Midland Funding's Net Worth, Because Its Liability, If Any, Is Vicarious**

In the event the Court finds there is a triable issue of fact whether Midland Funding is a debt collector, Defendants anticipate Gold will argue the class may recover up to $500,000 in statutory damages from Midland Funding, in addition to $500,000 in statutory damages it may recover from MCM.[6]  She is mistaken.  Midland Funding's net worth is irrelevant.  Even if Gold establishes a violation, the class will be limited to recovering any damages based on MCM's net worth alone.

As an initial matter, because Gold has not and cannot prove that Midland Funding failed to comply with the FDCPA with respect to her, there is no basis for assessing statutory damages against Midland Funding.  *See* 15 U.S.C. § 1692k(a).[7]

---

1507, 1516 (9th Cir. 1994) (collector may be vicariously liable under § 1692i of FDCPA where its attorney debt collector sues in wrong venue).  Further, "to be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent."  *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) (citation and quotation marks omitted) (affirming summary judgment for attorney; no evidence he exercised control over actions of his client).

[6] The parties have stipulated that one percent of the net worth of each Defendant in this case exceeds the maximum statutory damages that are available to a class under section 1788.17 of the Rosenthal Act and section 1692k(a)(2)(B) of the FDCPA.  *See* Doc. No. 46.

[7] Section 1692k provides, in relevant part, as follows: "[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damages sustained by

As discussed above, Midland Funding did not directly engage in any collection activity, resulting in its failure to comply with the FDCPA. To the extent that Midland Funding has any liability here, it is vicarious liability, not direct liability. As discussed in section B, *supra*, Midland Funding's lack of control or involvement in MCM's collection activities weighs against a finding of vicarious liability.

Even assuming Midland Funding is found to be directly or indirectly liable to Gold, which it is not, Gold is only entitled to $500,000 in statutory damages from Midland Funding and MCM *collectively*. This reading is consistent with the FDCPA as a whole, which was designed deliberately with very specific limitations on the amount of statutory damages that can be awarded. For example, if a plaintiff is pursuing an individual action, courts have consistently held that statutory damages are limited to a maximum of $1,000 "per proceeding" and not $1,000 "per violation." *See, e.g., Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (limiting statutory damages to $1,000 where "numerous violations of the FDCPA are predicated upon one set of circumstances"); *Wright v. Finance Servs. of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994) (additional damages limited to $1,000 per proceeding even though defendant committed fourteen violations of FDCPA: "Congress certainly knows how to write statutes that make each separate violation subject to a separate penalty, or even that make each separate day of a violation a separate offense subject to a separate penalty.") (citations omitted).[8]

---

such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1000; or (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector . . . " 15 U.S.C. 1692k.

[8] *See also Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (additional damages limited to $1,000 even though defendant committed seven violations of statute: "The FDCPA does not on its face authorize additional statutory

As previously explained, Midland Funding did not directly engage in any collection activity, resulting in its failure to comply with the FDCPA. Thus, Gold may not recover the remedies provided by the Act directly from Midland Funding. There is no basis for two separate awards of statutory damages of $500,000. To the extent that Midland Funding has any liability here, it is vicarious liability only and it is, at most, jointly and severally liable for however much the class can recover from MCM, not to exceed $500,000.

### D. Midland Funding Is Entitled To Summary Judgment For The Reasons Stated In MCM's Motion

Midland Funding is also entitled to summary judgment in its favor for all the reasons explained in MCM's motion, which has been filed concurrently with this motion. Rather than burden the Court by repeating all of the arguments and authorities from MCM's motion, Midland Funding simply incorporates them by reference and hereby joins MCM's motion.

## IV.  CONCLUSION

For each of the forgoing reasons, Defendants respectfully request that the Court enter an Order granting summary judgment for Defendants on all claims.

DATED:  October 30, 2014

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
LIANA MAYILYAN

By:  s/Jeffrey A. Topor
Jeffrey A. Topor
Attorneys for Defendants
Midland Credit Management, Inc.
and Midland Funding, LLC

---

damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology."); *Peter v. GC Servs.*, 310 F.3d 344, 352, n.5 (5th Cir. 2002).