UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELLEN ANNETE GOLD,

    Plaintiff,

  v.

MIDLAND CREDIT MANAGEMENT, INC., et al.,

    Defendants.

Case No. 13-cv-02019-BLF

**ORDER DENYING ADMINISTRATIVE MOTION FOR SEALING ORDER**

[Re: ECF 86]

    Before the Court is the "Administrative Motion for Sealing Order" filed by plaintiff Ellen Annete Gold on October 30, 2014. Admin. Mot., ECF 86. Plaintiff seeks to file under seal portions of Exhibits C and D in support of her motion for summary judgment. Exhibits C and D comprise excerpts and relevant exhibits from the depositions of Angelique Ross and Jared McClure, both of whom are Rule 30(b)(6) witnesses for defendants Midland Credit Management, Inc. and Midland Funding, LLC ("Defendants"). *Id.* at 1-2. Defendants designated these depositions as "Confidential" pursuant to the parties' stipulated protective order. *Id.*

    There is a "strong presumption in favor of access" to public records and documents, including judicial ones. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party seeking to seal a judicial record relating to the merits of the case—such as a motion for summary judgment—bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Compelling reasons for sealing court files generally exist when such "'court files might have

become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Furthermore, in this District, parties seeking to seal judicial records must also follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).  Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party, which must supply a supporting declaration within 4 days of the filing of the administrative motion to file under seal. *Id.* at 79-5(e)(1).

Plaintiff's request to seal documents designated confidential by Defendants was filed on October 30, 2014.  To date, Defendants have not submitted any declaration in support of the sealing request.  As such, Plaintiff's "Administrative Motion for Sealing Order" is DENIED. Plaintiff shall file unredacted versions of Exhibits C and D into the public record **no earlier than 4 days, and no later than 10 days**, from the date of this order.  Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: November 19, 2014

_____
BETH LABSON FREEMAN
United States District Judge

2