Fred W. Schwinn (SBN 225575)
fred.schwinn@sjconsumerlaw.com
Raeon R. Roulston (SBN 255622)
raeon.roulston@sjconsumerlaw.com
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190

O. Randolph Bragg (Pro Hac Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
ELLEN ANNETTE GOLD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ELLEN ANNETTE GOLD, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Defendants. | Case No. 5:13-CV-02019-BLF-MEJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEFENDANT MIDLAND FUNDING, LLC**<br><br>Hearing Date:　　　January 8, 2015<br>Hearing Time:　　　9:00 a.m.<br>Hearing Judge:　　　Beth Labson Freeman<br>Hearing Courtroom:　3, 5th Floor<br>Hearing Location:　　280 South First Street<br>　　　　　　　　　　San Jose, California |

　　　COMES NOW Plaintiff, ELLEN ANNETTE GOLD (hereinafter "Plaintiff"), by and through her attorneys Fred W. Schwinn and Raeon R. Roulston of Consumer Law Center, Inc., and O. Randolph Bragg of Horwitz, Horwitz & Associates, Ltd., and hereby submits her Memorandum of Points and Authorities in Opposition to the Motion for Summary Judgment by Defendant Midland Funding, LLC (Doc. 82).

---

## I.  INTRODUCTION

Defendant, MIDLAND FUNDING, LLC ("MIDLAND FUNDING") joins in the Motion for Summary Judgment filed by Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), and files its own Motion for Summary Judgment limited to the discussion of two issues: 1) whether MIDLAND FUNDING is a debt collector; and 2) whether, if MIDLAND FUNDING is vicariously liable to GOLD for MCM's actions, GOLD and the class may recover statutory damages based on MIDLAND FUNDING's net worth.

Because MIDLAND FUNDING joins in MCM's Motion for Summary Judgment, GOLD will not reproduce the entirety of her Opposition to MCM's Motion here.  To the extent MIDLAND FUNDING joins MCM's Motion, then GOLD directs the arguments in her Opposition to MCM's Motion to MIDLAND FUNDING as well.

## II.  SUMMARY OF ARGUMENT

MIDLAND FUNDING is a debt collector because it purchases consumer debts which are in default at the time of purchase.  MIDLAND FUNDING collects defaulted consumer debts indirectly by engaging MCM.  The Court may award statutory damages against MIDLAND FUNDING because the FDCPA provides that "any debt collector who fails to comply with any provision" is liable to either and individual or (in case of a class action) the class, for statutory damages.

## III.  POINTS AND AUTHORITIES

### A. STANDARD OF REVIEW

The standard of review for a motion for summary judgment is that the moving party is entitled to summary judgment when the evidence shows that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir. 1971).  The Court must determine "whether there

is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 212 (1986). "Only disputes over facts that might affect the outcome of the suit under governing law will . . . preclude summary judgment." *Id*. at 248. When the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a material issue of fact." *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

To succeed on a motion for summary judgment, the movant must carry the burden of "identifying those parts of the record that indicate the absence of a genuine issue of material fact." *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995). Once this burden is met, the non-movant is required to "come forward with specific facts showing that there is a genuine issue for trial" as to elements essential to the non-movant's claim. *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

The Court must resolve all disputed facts and weigh all evidence "in the light most favorable to the nonmoving party." *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31 (9th Cir. 1987).

**B. MIDLAND FUNDING IS A DEBT COLLECTOR**

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C § 1692a(6). MIDLAND FUNDING qualifies as a debt collector under

either definition.

MIDLAND FUNDING asserts that it is not a debt collector, because essentially, it is a holding company with no employees.  Because MIDLAND FUNDING has no employees, MIDLAND FUNDING maintains that it sends no collection letters and makes no collection calls to consumers to collect debts. MIDLAND FUNDING's position is that it merely purchases defaulted accounts from original creditors, and then refers those debts to MCM for collection.  Turning to the first prong of Section 1692a(6), MIDLAND FUNDING's designee testified that MIDLAND FUNDING's primary business is "purchas[ing] defaulted consumer accounts from original creditors and entities other than original creditors." Ross Deposition at 18:21 to 19:18 and 20:6 to 21:21; McClure Deposition at 26:19 to 28:8.  MIDLAND FUNDING does not purchase these defaulted consumer accounts simply to have and admire.  MIDLAND FUNDING purchases these debts for collection, and uses MCM to physically collect the debts, because MIDLAND FUNDING does not have any employees.

Asserting that MIDLAND FUNDING is not a debt collector is just more hairsplitting and misdirection by Defendants.  While the entity MIDLAND FUNDING does not itself make phone calls and send letters, the primary purpose of MIDLAND FUNDING is purchasing defaulted consumer debts *for collection*. The fact that MIDLAND FUNDING must have the employees of MCM act on its behalf is merely a quirk of the corporate structure of Defendants' parent company, Encore Capital Group, Inc. *See* Doc. 10.  This is not a situation where MIDLAND FUNDING engages in other types of business with its own employees, and merely occasionally engages MCM (or another debt collector) to collect a consumer debt.  This two-stage collection setup does not change the fact that MIDLAND FUNDING's primary (and likely, *only*) business is the collection of consumer debts.

There are no cases in this Circuit which discuss whether an entity indirectly collects a debt when the entity engages a (non-attorney) debt collector to collect a debt on its behalf.  MIDLAND FUNDING

- 4 -
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT      Case No. 5:13-CV-02019-BLF-MEJ

relies heavily on *Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036 (N.D. Ill. 2005) for the proposition that an "assignee" who contracts with a collection agency to collect a debt is not indirectly collecting a debt, and is thus not a debt collector for purposes of the FDCPA. *Scally*, a 2005 Northern District of Illinois case was later heavily criticized by *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) – a 2006 case from the same district. *Schutz* noted that "[m]any courts have recognized that a company may be held vicariously liable for the collection activities of attorneys working on its behalf." *Id*. at 875 (internal citations omitted). This includes courts in this Circuit. *See Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994) *and Caron v. Maxwell*, 48 F. Supp. 2d 932, 936 (D. Ariz. 1999). *Schutz* reasoned that *Scally* wrongly limited vicarious liability to those entities who engaged <u>attorney</u> debt collectors to collect on their behalf, contrary to the legislative intent of the FDCPA. "[T]his Court sees no reason to limit the use of vicarious liability to companies that have engaged an attorney to collect debts. Vicarious liability emerged as a means to provide equal relief to not only those victimized by attorney debt collectors, but also consumers victimized by non-attorney debt collectors. . . . We believe it would be incongruous to hold debt collectors who use attorney agents liable to a greater extent than debt collectors who use non-attorney agents to collect their debts." *Schutz*, 465 F. Supp. 2d at 876; *See also, Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1486 (M.D. Ala. 1987) (discussing the legislative history of the FDCPA and noting its intent to reach "third party" or "independent" debt collectors "who generally are [not] restrained by the desire to protect their good will when collecting past due accounts").

*Schutz* cited extensively the leading case on vicarious liability for FDCPA violations of non-attorneys: *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 401 (3d Cir. Pa. 2000). *Pollice* is also cited in GOLD's Class Action Complaint ¶ 11. *Pollice* reasoned that since "[c]ourts have indicated that an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the

assignment; conversely, an assignee may be deemed a 'debt collector' if the obligation is already in default when it is assigned. It is undisputed that MIDLAND FUNDING purchased the accounts of GOLD and the class after those accounts were in default. <u>Ross Deposition</u> at 18:21 to 19:18 and 20:6 to 21:21; <u>McClure Deposition</u> at 26:19 to 28:8. Thus, the Court should find that MIDLAND FUNDING is a debt collector.

### C. THE COURT MAY IMPOSE DAMAGES AGAINST MIDLAND FUNDING

Section 1692k is the damages provision of the FDCPA, which provides, in relevant part:

> (a) Amount of damages
> Except as otherwise provided by this section, **any debt collector** who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2)
> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;
> (emphasis added)

MIDLAND FUNDING contends that even if found vicariously liable to GOLD and the class, the class may only recover against MCM, and not MIDLAND FUNDING. There is no support for this argument either in case law or in statute. Section 1692k does not contain a clause which gives special treatment to debt collectors who are found "only" vicariously liable. This argument is more psychology on the part of Defendants, essentially trying to "anchor" the Court to a 6-figure damage award, instead of a 7-figure award. The two cases cited by Defendants, *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) and *Wright v. Finance Servs. Of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994), address whether the individual statutory damages award should be limited to $1,000 *per case*, instead of $1,000 per *violation*. Neither case discusses whether the FDCPA intends to

dilute the damages award by limiting it to $1,000, jointly and severally, *among multiple defendants.* Neither case addresses class actions.

Even if the Court finds that the $500,000 cap on class action FDCPA damages applies to multiple defendants jointly and severally, Defendants may still be liable to the class for $1,000,000, because GOLD and the class have asserted California RFDCPA state law claims against Defendants, which are also capped at $500,000. Although the violations arise from the same conduct, the state law violation is a separate violation, and the damages award is intended by the California Legislature to be cumulative. Cal. Civil Code § 1788.32 states "The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." *See* GOLD's <u>Memorandum of Points and Authorities in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication</u> (Doc. 90) at 23-24 for a more thorough discussion on the cumulative nature of California RFDCPA awards.

## IV. CONCLUSION

MIDLAND FUNDING is a debt collector under either prong of Section 1692a(6). MIDLAND FUNDING's primary business is the collection of consumer debt. Alternatively, the Court should follow the reasoning in *Pollice* and *Schutz,* and find that MIDLAND FUNDING indirectly collects debts by engaging MCM to collect debts on its behalf. Additionally, MIDLAND FUNDING's argument that if found vicariously liable, the Court may not order damages against MIDLAND FUNDING is without merit.

The Court should deny MIDLAND FUNDING's Motion herein in its entirety.

ooOoo

|   |   |
|---|---|
|   | CONSUMER LAW CENTER, INC. |
| Dated: November 20, 2014 | By: /s/ Raeon R. Roulston<br>Fred W. Schwinn (SBN 225575)<br>Raeon R. Roulston (SBN 255622)<br>CONSUMER LAW CENTER, INC.<br>12 South First Street, Suite 1014<br>San Jose, California 95113-2418<br>Telephone Number: (408) 294-6100<br>Facsimile Number: (408) 294-6190<br>Email Address: fred.schwinn@sjconsumerlaw.com<br><br>Attorneys for Plaintiff<br>ELLEN ANNETTE GOLD |