UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELLEN ANNETE GOLD,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-02019-BLF<br><br>**ORDER APPROVING STIPULATION TO DECERTIFY CLASS AND ENTER JUDGMENT**<br><br>[Re: ECF 114] |

Before the Court is the parties' Joint Stipulation to Decertify Class and Enter Judgment. Stipulation, ECF 114.

Rule 23(c)(1)(C) provides that an order certifying a class "may be altered or amended before final judgment." In the period before class notice, the Court's certification order is "inherently tentative" and may be freely modified in light of subsequent developments in the litigation. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)).

As set forth in the stipulation, the Court certified a class pursuant to Federal Rule of Civil Procedure 23(b)(3) on October 7, 2014. Thereafter, the parties could not agree on a form of notice to the class and instead requested that the Court defer the issue of class notice until after ruling on the parties' motions for summary judgment. The Court granted summary judgment in Defendants' favor on March 20, 2015. The parties aver that "none of the approximately 43,942 prospective class members have been given notice by Plaintiff" and now seek to decertify the class and enter judgment on Plaintiff's individual claims. Stipulation at 2.

Because notice was never provided to the class members, Plaintiff never completed the class certification requirements of Rule 23(c)(2). *See Abels v. JBC Legal Grp., P.C.*, No. C04-

02345 JW, 2008 WL 782527, at *1 (N.D. Cal. Mar. 21, 2008).  Furthermore, now that the Court has resolved the legal question of liability in Defendant's favor, requiring class notice would violate the one-way intervention rule and be a costly exercise in futility.  *See generally Schwarzschild v. Tse*, 69 F.3d 293 (9th Cir. 1995) (discussing one-way intervention rule and holding that "when defendants obtain summary judgment before the class has been properly certified or before notice has been sent, they effectively waive their right to have notice circulated to the class under Rule 23(c)(2); in such cases, the district court's decision binds only the named plaintiffs").

As such, the Court approves the parties' stipulation to decertify the class.  The class certified on October 7, 2014 at ECF 80 is hereby decertified.  Judgment shall be entered in favor of Defendants and against Plaintiff.  The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: March 25, 2015

_____
BETH LABSON FREEMAN
United States District Judge